509 So.2d 1221 (1987)
Bruce HENRY, Etc., Appellant,
v.
BOARD OF COUNTY COMMISSIONERS OF PUTNAM COUNTY, Florida, Appellee.
No. 86-587.
District Court of Appeal of Florida, Fifth District.
July 2, 1987.
Louis Ossinsky, Jr., of Ossinsky, Krol and Hess, Daytona Beach, for appellant.
Ronald E. Clark, Putnam County Atty., and Alan B. Fields, Jr., of Dowda and Fields, Chartered, Palatka, for appellee.
SHARP, Judge.
Henry appeals from a mandatory injunction prohibiting him from taking specified actions on his property, which the trial court held were in violation of the Putnam County zoning ordinance.[1] After a trial in which conflicting testimony was heard, the court found that Henry knowingly and willingly violated the zoning code by conducting a marine construction business on property classified as "residential estate," the highest residential classification. We find no basis to overturn the court's determination that appellant violated the ordinance, and we therefore affirm the judgment except in two regards: a prohibition in the injunction against maintaining on the premises vehicles weighing more than one ton; and a prohibition against the advertising for, and business use of, appellant's telephone located on the premises.

*1222 Weight Limitation:

Section 706 of Putnam County Zoning Code Ordinance 75-6 prohibits parking in residential districts by "heavy vehicles such as tractors and trucks (including CV, L, GW, K (except school buses), S, and P Florida license classifications)." Although the term "heavy vehicle" is not further defined in the zoning ordinance, the Code Administrator was authorized to interpret the ordinance and promulgate the rules and regulations to implement it.[2]
At trial the Codes Administrator testified that he had interpreted the code provision as prohibiting the parking of vehicles, trucks and tractors which weighed more than one and one-half tons in a residential district. In response to a question by the court he later testified that the license classifications would include vehicles weighing one ton or more. Based on this testimony, the court provided in Paragraph 29 of the injunction:
"The Defendant, BRUCE HENRY ... [is] permanently restrained and enjoined to remove from the residential premises ... any and all construction vans and equipment larger than the mower/front end loader and any motor vehicles classified by the Florida Report of Highway Safety and Motor Vehicles as weighing in excess of one (1) ton... ."
Appellant argues that Putnam County's zoning ordinance is unconstitutional because the definition of "heavy vehicles" is left to the arbitrary discretion of the Code Administrator. Terms used in an ordinance must make reference to determinable criteria, and provide a context in which a court can determine a particular regulation is reasonable. No legislative body (County Commission) can delegate to an administrator arbitrary discretion to determine the meaning of a zoning code. If such standards or criteria do not exist, the zoning provision is a nullity.[3]
However, the vehicle provision in the Putnam County Code contains sufficient guiding criteria to pass constitutional muster. All of the letters which immediately follow the term "heavy vehicles" in the Code were established classifications used by the Department of Highway Safety and Motor Vehicles to set license plate rates, at the time the Code was passed. More recently, the Department has renamed these lettered licensing classifications as class codes 34, 56, 94, 92, 35 and 93, respectively, (see Exhibit A), but the meanings have not changed. Reference to them, even though they have been given new reference classifications, gives adequate indication as to the Code's meaning.
Based on the Department's classifications used in the Putnam County Zoning Code, the following are examples of "heavy vehicles" barred from parking in residential districts:
1) "CV" appeared on commercial trucks with a net weight of 5,001 pounds or more.
2) "L" appeared on semitrailers drawn by a truck tractor.
3) "GW" appeared on tractor cranes, power shovels, well drillers, and other such vehicles constructed and designed as a tool and not a hauling unit.
4) "K" appeared on school buses (excepted under the ordinance), wreckers for garage, and regular business, hearse and ambulances.
5) "S" appeared on buses for hire with a passenger capacity of nine and up.
6) "P" appeared on vehicles referred to as "goats." These vehicles are primarily used in the groves to move equipment and trailers from one grove to another.
Only category "CV" is defined by the weight of the vehicle. The limitation in that category is "net" weight of the truck (unloaded) of 5001 pounds (2 1/2 tons).
*1223 There is no basis to support the Code Administrator's interpretation that the ordinance bars the parking of vehicles weighing more than one ton. Accordingly, it cannot be sustained. Grant v. State, 303 So.2d 425 (Fla. 2d DCA 1974), affirmed, 316 So.2d 282 (Fla. 1975). For these reasons, we strike from Para-graph 29 of the appealed injunction the balance of the sentence which follows the term "mower/front end loader," and substitute for it the six categories of vehicles listed above.

Advertising and Use of Telephone:
Paragraph 28 of the injunction being appealed also permanently enjoined and restrained Henry from:
(b) advertising for, initiating or receiving any telephone calls of a commercial nature to or from any telephone situate upon the said real property, ...
The testimony at trial showed that appellant ran advertisements in the local newspaper under his business name, and listed as the business telephone, his home phone located on the residential property. In addition, testimony revealed Henry received and made many business calls from his residence.
Appellant argues, and we agree, that there is a considerable distinction between restricting and regulating the use of land pursuant to zoning ordinances, and enjoining a person's right to advertise and make use of his telephone. The authority of a county to seek injunctive relief to enforce its zoning code cannot go beyond its basic power to regulate the use of land. Use of a telephone is not use of the land where the telephone is located.
The scope of Putnam County's zoning powers is spelled out in section 163.255(2), Florida Statutes (1983):
In case any building or structure is ... used in violation of this act or any ordinance or other regulation made under authority conferred hereby, the proper local authorities ... may institute any appropriate action or proceedings in a civil action in the circuit court to prevent such unlawful ... use, and to restrain, correct, or abate such violation ... and to prevent any illegal act, conduct of business or use in or about such premises.

It does not encompass any power to control a person's use of his telephone.
Although the court properly found Henry was using his residential property in violation of the ordinance, its injunction should have been limited to restricting use of the property. Cf. Town of Wellesley v. Brossi, 340 Mass. 456, 164 N.E.2d 883 (1960). To go beyond that raises serious constitutional problems.[4] The provision in paragraph 28(b) which exceeds the scope of the zoning power also exceeds the power of a court seeking to enforce it. Accordingly, we quash paragraph 28(b) of the final judgment.
AFFIRMED IN PART; QUASH PARAGRAPH 28(b) AND AMEND PARAGRAPH 29.
UPCHURCH, C.J., and ORFINGER, J., concur.
*1224 
NOTES
[1] Putnam County, Fla., Zoning Ordinance 75-6.
[2] Putnam County, Fla., Zoning Ordinance 75-6, § 1002.
[3] Effie, Inc. v. City of Ocala, 438 So.2d 506 (Fla. 5th DCA 1983), review denied, 444 So.2d 416 (Fla. 1984); ABC Liquors, Inc. v. City of Ocala, 366 So.2d 146 (Fla. 1st DCA), cert. denied, 376 So.2d 69 (Fla. 1979).
[4] See Coca-Cola Co., Food Division, Polk County v. State, Dept. of Citrus, 406 So.2d 1079 (Fla. 1981), appeal dismissed, 456 U.S. 1002, 102 S.Ct. 2288, 73 L.Ed.2d 1297 (1982) (wherein the Florida Supreme Court discussed first amendment protection of commercial speech).