918 So.2d 977 (2005)
Paul Leon WARE and Nancy Montgomery Ware, Appellants/Cross-Appellees,
v.
POLK COUNTY, Appellee/Cross-Appellant.
No. 2D05-2480.
District Court of Appeal of Florida, Second District.
December 9, 2005.
Rehearing Denied January 27, 2006.
*978 Paul Leon Ware, pro se.
Nancy Montgomery-Ware, pro se.
Joseph G. Jarrett, County Attorney, and Ngozichukwu C. Acholonu, Assistant County Attorney, Bartow, for Appellee/Cross-Appellant.
VILLANTI, Judge.
Paul Ware filed a complaint concerning a lien Polk County had placed on his property for building without a permit. The County moved for a temporary injunction and summary judgment. After an evidentiary hearing, the trial court entered an order granting summary judgment in favor of the County and denying the County's motion for a temporary injunction. Both parties filed notices of appeal; the County's appeal proceeded as a cross-appeal. For the reasons discussed below, we dismiss Mr. Ware's appeal and reverse and remand on the County's cross-appeal.
Mr. Ware bought three lots in a subdivision in Polk County by tax deed in October 2003. Without first obtaining a permit, Mr. Ware began building a Quonset-type[1] structure attached to a concrete slab on the lots. In February 2004, the County sent out its field code investigators to serve Mr. Ware with a notice of violation of Polk County Land Development Code section 110, which requires a building permit to be obtained before the construction of any structure "attached to a permanent in-ground foundation such as concrete slab or footer." The notice gave Mr. Ware and his wife, Nancy Montgomery Ware, until March 11, 2004, to correct the violation by obtaining a building permit. If they failed to do so, they were required to appear at a Code Enforcement Board hearing on March 18, 2004. At the hearing, Mr. Ware appeared but left before his case was heard. The hearing officer found Mr. Ware in violation of code section 110 and gave Mr. Ware thirty days to correct the violation or a fine would be imposed at the rate of $250 per day. Mr. Ware failed to correct the violation, and on May 6, 2004, a lien was imposed on his property. This lien is the subject of the trial court's order granting summary judgment and denying the County's motion for a temporary injunction.
Mr. Ware appealed the trial court's order granting summary judgment. This court relinquished jurisdiction and advised Mr. Ware that his appeal was subject to dismissal if he was unable to provide us with a final, appealable order in accordance with Better Government Ass'n of Sarasota County, Inc. v. State, 802 So.2d 414 (Fla. 2d DCA 2001). In response, Mr. Ware conceded that the trial court's order granting summary judgment is not final but requested that we review it as a nonfinal appeal. We decline to do so as our jurisdiction to hear an appeal from a nonfinal order is limited to the types of orders referred to in Florida Rule of Appellate Procedure 9.130. We therefore dismiss Mr. Ware's appeal of the trial court's order granting summary judgment.
Remaining for our consideration is the County's cross-appeal of the trial court's denial of its motion for a temporary *979 injunction, for which there is an independent basis for jurisdiction. See Fla. R.App. P. 9.030(b)(1)(B), 9.130(a)(3)(B). The standard of review on appeal of an order concerning a temporary injunction is abuse of discretion. P.M. Realty & Invs., Inc. v. City of Tampa, 779 So.2d 404, 406 (Fla. 2d DCA 2000).
As a preliminary matter, we note that the trial court never reached the merits of the County's request for a temporary injunction. It denied the motion on the ground that the County failed to properly request relief, finding that "[a]s of the date of the hearing, the Wares were no longer building without a permit because the structure had been completed. Furthermore, Polk County's Motion for Temporary Injunction does not request that this court prohibit the Wares from utilizing the building until a permit is obtained." As contended by the County, the wherefore clause in the County's motion did properly request relief; the County asked the court "to issue a temporary injunction and, in so doing, order the Wares to immediately stop all work on the property that requires a permit, apply for permits, follow the requirements of the Building Division, and do not utilize the structure until it meets Building's requirements." (Emphasis added.) The trial court abused its discretion by denying the County's motion on the ground that the County did not properly request relief.
Instead, the trial court should have reached the merits of the County's motion and granted it because there was undisputed evidence that the County was entitled to a temporary injunction. There is a four-part test for determining whether a temporary injunction should be granted  when there is a showing that (1) the plaintiffs will suffer irreparable harm absent the entry of the injunction, (2) no adequate legal remedy exists, (3) the plaintiffs enjoy a clear legal right to the relief sought, and (4) the injunction will serve the public interest. Randolph v. Antioch Farms Feed & Grain Corp., 903 So.2d 384, 385 (Fla. 2d DCA 2005).
The County satisfies the first two prongs of the test for a temporary injunction because "[w]here the government seeks an injunction in order to enforce its police power, any alternative legal remedy is ignored and irreparable harm is presumed." Metro. Dade County v. O'Brien, 660 So.2d 364, 365 (Fla. 3d DCA 1995); see also P.M. Realty, 779 So.2d at 406 ("[W]hen one violates a city ordinance, irreparable harm is presumed."). Here, the County is seeking an injunction to enforce an ordinance enacted under its police power, Polk County Land Development Code section 110(B), which provides:
No building, structure, land or water shall hereafter be developed, redeveloped, used or occupied, and no building, structure, or part thereof shall hereafter be erected, reconstructed, constructed, moved, located, or structurally altered except in conformity with the regulations set out herein.
1. A building permit shall be obtained prior to the construction of any structure which meets one or more of the following:
(a) The structure is greater than 150 total square feet (based on exterior dimensions);
(b) The structure is attached to a permanent in-ground foundation such as concrete slab or footer;
(c) The structure contains electrical or plumbing facilities.
It is undisputed that Mr. Ware built and used the Quonset-type structure without complying with code section 110. Therefore, irreparable harm is presumed, and any alternative legal remedy is ignored.
*980 The County satisfies the third prong  that it had a clear legal right to relief  because Mr. Ware continued building and using the Quonset-type structure, aware that he was in violation of code section 110. See P.M. Realty, 779 So.2d at 406 ("[W]here one opens a business aware of the violations to the ordinances and continues to operate that business in violation, the government has a clear legal right to relief."). Mr. Ware was repeatedly advised over the course of three months that he was in violation of code section 110. The County's field code investigators notified him of the violation and the Code Enforcement Board hearing officer gave him additional time to correct his violation. Nevertheless, Mr. Ware continued to violate the county ordinance because of his basic lack of understanding of building permits. At the evidentiary hearing, Mr. Ware admitted to building without a permit but testified that as a "free, white" person who had purchased the property by tax deed, he was allowed to build a "barn" on his property without a permit from the County. Despite explanations to Mr. Ware that he was not exempt from permit requirements simply because his tax deed said that the land was free from any encumbrances, he obstinately refused to listen. The County had a clear legal right to relief because Mr. Ware was aware of his violation of code section 110 and continued to violate it. See id.
The County also satisfies the fourth prong  that the grant of a temporary injunction will serve the public interest  because the public has an interest in seeing that a county's ordinances and permit requirements are observed. Id. at 406-07.
In sum, there was undisputed, substantial competent evidence presented that the County was entitled to a temporary injunction prohibiting the Wares from continuing to violate code section 110, and the trial court abused its discretion by denying the County's motion. Accordingly, we reverse and remand for the trial court to enter a temporary injunction restraining the Wares from building or using the existing structure without obtaining the appropriate permits from the County.
Appeal dismissed; cross-appeal reversed and remanded for entry of temporary injunction.
DAVIS and SILBERMAN, JJ., Concur.
NOTES
[1] A Quonset is a prefabricated portable hut with a semicircular metal roof that curves down to form walls.