969 So.2d 423 (2007)
James DISPOTO and Elaine Dispoto, Appellants,
v.
MARION COUNTY, Florida, Appellee.
No. 5D06-3197.
District Court of Appeal of Florida, Fifth District.
November 2, 2007.
*424 Edward P. Jordan, II, of Edward P. Jordan, II, P.A., Minneola, for Appellant.
Thomas L. Wright, County Attorney, and Thomas D. MacNamara, Chief Assistant County Attorney, Ocala, for Appellee.
EVANDER, J.
James and Elaine Dispoto appeal from a temporary injunction order requiring them to (1) remove a 130-foot high radio broadcast tower from their residential property, and (2) cease operation of a radio station from that property. We affirm.
Marion County's Land Development Code prohibits the construction of a commercial radio broadcast tower in excess of *425 fifty feet without a special use permit. The Code also prohibits the operation of a radio station from residentially-zoned property without a special use permit. In September, 2003, the Dispotos illegally constructed the 130-foot tower without a building permit. The Dispotos then began operating a low power radio station from their residence without first obtaining a special use permit. After the County received complaints from residents in the Dispotos' subdivision, the County notified the Dispotos of the violations and specified necessary corrections. These corrections were never made.
In November, 2004, the County granted the Dispotos a special use permit to operate a radio station from the residence conditioned upon removal of the 130-foot tower. The Dispotos would be permitted to use an approved off-site broadcast tower located outside their subdivision. When the Dispotos refused to remove their tower, the special use permit to operate the radio station was revoked. The Dispotos, nonetheless, continued to operate a radio station from their residence.
The County then brought the underlying action, seeking to enjoin the Dispotos from operating a radio station from their property and requiring the removal of the 130-foot tower. Shortly after the lawsuit was filed, the Dispotos applied for a special use permit for a 100-foot tower, claiming it would be used for amateur radio ("ham radio") purposes. The County refused to accept the application because of the Dispotos' non-compliance with it's building and zoning codes.
A trial court's denial or grant of a temporary injunction is subject to an abuse of discretion standard of review. DiChristopher v. Bd. County Com'rs, 908 So.2d 492, 495 (Fla. 5th DCA 2005). To obtain a temporary injunction, the moving party must establish that: (1) irreparable injury will result if the injunction is not granted; (2) there is no adequate remedy at law; (3) it has a clear legal right to the requested relief; and (4) the public will be served by the temporary injunction. Id. The Dispotos contend that the County failed to satisfy this four-prong test. We disagree.
The County satisfied the first two prongs of the test for a temporary injunction because "[w]here the government seeks an injunction in order to enforce its police power, any alternative legal remedy is ignored and irreparable harm is presumed." Metro. Dade County v. O'Brien, 660 So.2d 364, 365 (Fla. 3d DCA 1995). The County satisfied the third prongthat it had a clear legal right to reliefbecause the Dispotos were engaged in continuing violations of the County's building and zoning codes. Ware v. Polk County, 918 So.2d 977, 980 (Fla. 2d DCA 2005). As to the fourth prong, the trial court could properly find that the public had an interest in seeing that the County's ordinances and permit requirements were observed. Id. Accordingly, we find the trial court did not abuse its discretion in granting the County's request for a temporary injunction.
We also reject the Dispotos' contention that the County violated an FCC regulation requiring state and local governments to make reasonable accommodations for antenna structures related to amateur service communications. See 47 C.F.R. § 97.15 (1985); FCC declaratory ruling, Federal Preemption of State and Local Regulations Pertaining to Amateur Radio Facilities, 101 F.C.C.2d 952, 50 Fed.Reg. 38,813 (1985).[1] First, the evidence *426 supported the trial court's finding that the Dispotos were using the tower for commercial radio purposes. Second, the FCC has determined that local governments do not have to make reasonable accommodations for "ham radio" antenna structures where the structures are prohibited by residential subdivision covenants, conditions and restrictions. See In re Modification and Clarification of Policies and Procedures Governing Siting and Maintenance of Amateur Radio Antennas and Support Structures, and Amendment of Section 97.15 of the Commission's Rules Governing the Amateur Radio Service, 17 F.C.C.R. 19,408 (2002) (reasoning that "[p]urchasers or lessees are free to choose whether to reside where such restrictions on antennas are in effect or settle elsewhere."). Here, the County produced evidence that the subdivision restrictions in the Dispotos' neighborhood prohibited the construction of television or radio antenna that extended more than 10 feet above the building it served.
AFFIRMED.
GRIFFIN and ORFINGER, JJ., concur.
NOTES
[1] We note that the FCC, in a declaratory ruling, has declined to delineate the limitations of local zoning and other local and state regulatory authority over federally licensed radio facilities; refused to specify any particular height limitation below which a local government may not regulate; and refused to suggest the precise language that must be contained in local ordinances, variances, special exceptions. The ruling requires state and local governments to afford "appropriate" recognition to federal interests and avoid "unnecessary" conflicts with federal policy. In re Federal Preemption of State and Local Regulations Pertaining to Amateur Radio Facilities, 101 F.C.C.2d 952 (1985).