ALTENBERND, Judge.
Joseph Chiandusse, Jr., and his wife, Patricia, appeal an order denying partial summary judgment in their action against Terry J. Grannis, Michael S. Grannis, and the City of St. Petersburg. We dismiss the appeal for lack of jurisdiction because the order cannot be appealed as an order denying an injunction. See Fla. R. App. P. 9.130(a)(3)(B).
Joseph and Patricia Chiandusse live next door to Terry and Michael Grannis on a street where all of the properties are waterfront lots. The parties’ two lots are in a location where the property line with the water curves. As a result, the Chian-dusses’ best view of the water is a view that looks across the Grannises’ property.
The Grannises built a six-foot fence on the property line between these two lots. The fence allegedly blocks the Chianduss-es’ view of the water. Moreover, apparently for more than thirty years, the Chiandusses believed the property line was located elsewhere. As a result, they have long had a sprinkler system and cultivated plants on what apparently is the Grannises’ lot. Allegedly, the fence was built atop the sprinkler line.
Proving once again that Robert Frost was correct to question whether good fences really make for good neighbors,[1] the Chiandusses filed an action against the Grannises seeking declaratory relief in 2011. They sought to establish that the sprinklers created a “boundary by acquiescence” and that the fence was erected in violation of provisions of the city code. The three-count complaint sought declaratory relief against the City in count I, declaratory relief against the Grannises in count II, and a permanent injunction in count III. Significant to our outcome in this appeal, the complaint did not seek a temporary injunction and no separate motion seeking a temporary injunction appears to have been filed in this case.
*593 In 2013, the Chiandusses filed a motion for partial summary judgment only as to count III. They claimed that there was no material issue in dispute and that they were entitled to a summary judgment granting a permanent injunction as a matter of law. Following a hearing, the trial court denied that motion. It entered an order denying the motion for partial summary judgment, relying on this court’s opinion in Mickel v. Norton, 69 So.3d 1081 (Fla. 2d DCA 2011).[2]
The Chiandusses filed their notice of appeal, claiming that the order was a final order. It obviously is not a final order. Accordingly, this court issued a procedural order informing the parties that the case would proceed under the rules associated with nonfinal appeals. Specifically, we stated that it would proceed “per rule 9.130(a)(3)(B).” The Grannises filed a motion to dismiss the appeal for lack of jurisdiction. The Chiandusses responded, arguing essentially that it was the law of the case that this court had jurisdiction because of our earlier order. Although the order on appeal simply denies a motion for summary judgment, it concludes with a sentence stating: “Based upon the foregoing, this Court finds that the [Chianduss-es] are not entitled to a partial summary judgment for a permanent injunction because, as a matter of law, the [Grannises’] fence does not violate the riparian or littoral rights of the [Chiandusses].” Because this court was not certain whether the order was appealable at that stage in the proceedings, we denied the motion to dismiss.
The dispositive legal issue is whether the order is a nonappealable order denying summary judgment, see Better Gov’t Ass’n of Sarasota Cnty., Inc. v. State, 802 So.2d 414, 415 (Fla. 2d DCA 2001), or an appeal-able order denying an injunction, see H & M Hearing Assocs., LLC v. Nobile, 950 So.2d 501 (Fla. 2d DCA 2007). Although the above-quoted sentence from the order indicates that the trial court is probably willing to grant a summary judgment in favor of the Grannises, functionally the order on appeal merely denies a summary judgment. Although it may be a futile act, the Chiandusses have the option to set a final hearing on their complaint, including count III. They are still free to present evidence and seek a permanent injunction even if those actions are only useful to preserve the issue for appeal. The trial court has not legally denied an injunction; it has denied a motion for summary judgment.
If the Chiandusses sought a temporary injunction and the order on appeal denied a motion for temporary injunction, the order presumably would have been appeal-able under rule 9.130(a)(3)(B). See Ware v. Polk Cnty., 918 So.2d 977, 978-79 (Fla. 2d DCA 2005). But that is not what they sought in the trial court, and we cannot convert this motion for summary judgment to a motion for a temporary injunction. The two motions require significantly different proof and legal analysis.
We would note this case demonstrates that the preliminary procedural rulings by this court do not foreclose reexamination of our jurisdiction at the time the court makes a final decision. Our initial decisions on jurisdictional questions are often made with incomplete information. When in doubt, we frequently deny an initial motion to dismiss in order to allow the case to receive full consideration and to assure that an appellant has full access to the court. Occasionally, on full review, it becomes clear that our initial decision was *594 not well founded. This simply is one of those instances.
Dismissed.
LaROSE and MORRIS, JJ., Concur.

. Robert Frost, Mending Wall, in North of Boston 11-13 (2d ed. 1917).

. Although we dismiss this case, from the briefing and record it appears that the trial court's reliance on Mickel, 69 So.3d 1081, was reasonable.