IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JAMES AND MELANIE
NIPPER,

      Appellants,

v.

WALTON COUNTY, FLORIDA,
A POLITICAL SUBDIVISION
OF THE STATE OF FLORIDA,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-512

_____/

Opinion filed January 17, 2017.

An appeal from the Circuit Court for Walton County.
Thomas R. Santurri, Judge.

Matthew L. Gaetz, II of Keefe, Anchors & Gordon, Fort Walton Beach, for Appellant.

Mark D. Davis and Sidney N. Noyes of the Office of the County Attorney, DeFuniak Springs, for Appellee.

OSTERHAUS, J.

      James and Melanie Nipper appeal an order permanently enjoining them from operating a skydiving business on their 290-acre farm in Walton County. After the Nippers won a zoning enforcement case initiated by Walton County before the

county code enforcement board, the County sought and received a permanent injunction in circuit court to halt the business. The Nippers appealed and we now reverse. An injunction is available to enforce local zoning regulations where there is a "clear legal right" to the relief. In this case, the County didn't demonstrate a clear legal right to enjoin the Nippers' skydiving business.

I.

The Nippers own and operate a large farm in Walton County and began supplementing their income in 2008 by operating a skydiving business.[1] The Nippers twice sought permission from the Walton County Planning Department to operate the skydiving business on their property. But they were denied and told by the Director of Planning and Development that it violated the County's zoning code. The County cited the Nippers when they continued operating their business. And in 2015, the County initiated a code enforcement action before the Walton County Code Enforcement Board (CEB). After holding a hearing, the CEB rejected the County's position and concluded that the Nippers' business did not violate the County's zoning code. Walton County didn't appeal.

---

[1] Before retiring from the military to their farm near Paxton, in north Walton County, Mr. Nipper had a distinguished career as a U.S. Army Paratrooper and member of the elite Golden Knights parachute team from 1981-1997. Ms. Nipper was an Army pilot.

Meanwhile, prior to the CEB's decision, the Nippers sought a declaration in circuit court that they could run their business pursuant to a state law exempting agritourism from local land use regulations. The Nippers' state law claim failed, but Walton County filed a cross-claim in that case for a permanent injunction to stop the skydiving business. After the CEB had ruled for the Nippers in the separate county enforcement action, the circuit court proceeded to grant the injunction sought by Walton County based on the Planning Director's view that the Nippers' business violated the zoning code: "It is clear that Walton County determined that the use of the Plaintiffs' property as a commercial skydiving business violated those uses allowed in a Large Scale Agricultural District which the Plaintiffs' property is located." The circuit court's decision did not give weight to the CEB's prior decision in the enforcement action. The Nippers then appealed the injunction to this court.

## II.

We review a trial court's decision to grant an injunction based on a mixed standard. If the injunction rests on factual findings, then a trial court's order must be affirmed absent an abuse of discretion; but if the injunction rests on purely legal matters, then an injunction is reviewed de novo. Smith v. Coal. to Reduce Class Size, 827 So. 2d 959, 961 (Fla. 2002). The parties agree on all the relevant facts here: the Nippers operate a skydiving business at their farm, which the County considers to

3

violate the zoning code. The central question we address on appeal is whether the County satisfied the legal requirements for receiving an injunction.[2]

"The authority of a county to seek injunctive relief to enforce its zoning code cannot go beyond its basic power to regulate the use of land." Henry v. Bd. of Cnty. Comm'rs of Putnam Cnty., 509 So. 2d 1221, 1223 (Fla. 5th DCA 1987). To obtain an injunction against someone who is violating the zoning code, a county must show (1) a clear legal right to the relief, (2) inadequacy of a legal remedy, and (3) irreparable injury if the relief isn't granted. See E. Fed. Corp. v. State Office Supply Co., Inc., 646 So. 2d 737, 741 (Fla. 1st DCA 1994). The resolution of this appeal squarely depends on the first prong of the test because "where the government seeks an injunction in order to enforce its police power, any alternative legal remedy is ignored and irreparable harm is presumed." Ware v. Polk County, 918 So. 2d 977, 979 (Fla. 2d DCA 2005) (citing Metro. Dade County v. O'Brien, 660 So. 2d 364, 365 (Fla. 3d DCA 1995)). To win the injunction here, Walton County had to show a "clear legal right" to enjoin the Nippers from running the skydiving business at their farm.

A county demonstrates a clear legal right to injunctive relief by showing that a party has violated a law, code, or ordinance. Ware, 918 So. 2d at 980. But here it

---

[2] We reject Appellants' argument that the circuit court lacked jurisdiction to enter the judgment below. See § 162.21(8), Fla. Stat.; Walton Cnty. Ord. 9.05.04(B).

isn't clear that the Nippers' skydiving operation violated Walton County's zoning code. In fact, the CEB vindicated the Nippers' business in the code enforcement action previously brought by Walton County. Walton County's Land Development Code sets forth the CEB's "jurisdiction to hear and decide alleged violations of all codes and ordinances in force in the County including . . . [the] Land development code." Walton Cnty. Land Dev. Code § 9.05.04(A) (2010) (emphasis added). At the 2015 CEB hearing, the parties fully debated the Nippers' case and their interpretations of the zoning code related to the commercial skydiving operation at the Nippers' property. The County failed to prove the alleged zoning violation before the CEB, which decided that the Nippers' operation didn't violate the code:

> The Board finds that the activities conducted on the subject property by the Respondents [do] not violate the LDC as alleged by Walton County. . . . The Board imposes no penalties and requires no corrective action by the respondent.

The County did not appeal the CEB's decision.[3] And, now, the Nippers' victory before the CEB undermines the County's claim of a "clear legal right" to enjoin the Nippers' business.[4]

---

[3] The County claims here that the CEB only addressed whether the Nippers could run a commercial airport at their farm, not whether they could operate a skydiving business. But the CEB hearing transcript and final order doesn't support this claim. In fact, the County's Planning Director testified explicitly at the CEB hearing that "the issue at hand tonight is a skydiving operation. . . . [W]hen I say airport and skydiving, I think they're almost the same as far as the land development code."

[4] In the wake of a code enforcement process finding no violation and assessing no penalty, we are mindful that Florida's landowners possess explicit due process

After the CEB had vindicated the Nippers' ability to run their business, the circuit court's order enjoined it. The circuit court's subsequent order disregarded the CEB outcome and deferred instead to the Planning Director's views, as though his opinion alone established the County's "clear legal right" to prohibit the Nippers' business. This wasn't correct. The Planning Director's views do not override a final enforcement decision by the CEB, which has "jurisdiction to . . . decide alleged violations." The Land Development Code gave the CEB authority to decide the issue once the Planning Director initiated the case there. And, at that point, the circuit court's order could not simply rely on the Planning Director's views to make the County's case for the injunction. Cf. Kirby v. City of Archer, 790 So. 2d 1214, 1215 (Fla. 1st DCA 2001) (preventing a party who lost before the CEB from bringing a separate circuit court action).

What is more, the language of Walton County's zoning code itself is ambiguous and doesn't establish the County's case for the injunction. If the zoning code clearly prohibited the Nippers' skydiving operation, we could easily affirm. See Ware, 918 So. 2d at 979-80 (finding a clear legal right to relief where a property owner ignored a county ordinance that obviously applied against him). But,

rights, guaranteed by Article I, section 9, of the Florida Constitution, with respect to their property. See, e.g., Dep't of Cmty. Affairs v. Moorman, 664 So. 2d 930, 933 (Fla. 1995) (stating that "article I, section 9 guarantee[s] the right to enjoy property. Within limits, that right can include decisions regarding the improvement of property.").

6

here, the text of the zoning code doesn't clearly prohibit skydiving. Walton County Comprehensive Plan Policy L-1.4.1(B)5 allows the following commercial activities on designated Large Scale Agricultural areas of Walton County like the Nippers' farm:

> (B) **Uses allowed**: Land uses supportive of, and functionally related to, agricultural . . . activities; . . .
>
>         \*             \*             \*
>
> 5.      Supporting agriculture, aquacultural, and silviculture commercial uses shall be limited to the following: Farm equipment sales and repair, kennels and veterinary services, sale of agricultural chemicals and supplies, rural neighborhood general or grocery store, feed sales, blacksmith and wood working shops, processing, storage, or sale of agricultural products; *outdoor recreational activities such as hunting or fishing camps, bait and tackle shops, shooting ranges, and golf courses*; travel trailer parks or campgrounds connected to outdoor recreational uses, riding or boarding stables; cemeteries, communications facilities, small engine repair, and welding shops.

(Emphasis added). This provision doesn't specifically include (or exclude) skydiving on its list of permissible land uses. Rather, the "outdoor recreational activities such as" clause indicates that skydiving may be permissible. No one denies that skydiving is an outdoor recreational activity. And the code gives the Nippers the right to use their land for commercial "outdoor recreational activities such as . . . golf courses." Golf courses allow for outdoor fun, but aren't used for agricultural, aquacultural, or silvicultural purposes—golfers cannot hit six-irons very well from fairways of corn stalks, hayfields, or peanut and pine tree rows; nor are golf-ball-

7

dodging fish and plants mass-harvested from the water hazards of golf courses. So the fact that skydiving isn't inherently agricultural, aquacultural, or silvicultural isn't a disqualifier. In fact, nothing textually, or argued by the County, seems to set skydiving apart from the list of permissible outdoor activities. One board member's question to the Planning Director at the CEB hearing sums up the interpretive challenge here pretty well: "What I don't understand Mr. Dyess, is what you base [your] opinion on? . . . What exactly makes [skydiving] different from an activity like golf balls flying through the air?" In response, the Planning Director provided no textual basis for prohibiting skydiving. He said simply: "In my opinion, I do not feel that that [the] skydiving operation . . . fit within those uses that are prescribed." We likewise see nothing compelling in the text of the code that advances the County's claim of a "clear legal right" to enjoin the Nippers' skydiving business.

III.

We thus reverse the judgment entered below because the County did not show a clear legal right to the injunctive relief granted by the circuit court.

REVERSED and REMANDED.

B.L. THOMAS and RAY, JJ., CONCUR.