# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-3472
_____

BRUCE MCINTOSH and VALLI
MCINTOSH,

    Appellants,

    v.

JAMES C. MYERS and GAYLE E.
MYERS,

    Appellees.

_____

On appeal from the Circuit Court for Walton County.
David W. Green, Judge.

May 2, 2019

PER CURIAM.

Bruce and Valli McIntosh challenge the trial court's entry of Final Judgment providing injunctive relief for the removal of cypress trees planted by James and Gayle Myers. We affirm, except as to the McIntoshes' argument that they are also entitled to injunctive relief regarding the trees planted in the common area near both properties.

I.

The McIntoshes and the Myerses own homes on adjacent lots in the Seaspray Subdivision (hereinafter "the subdivision") in

Walton County. The subdivision is governed by the Covenants, Conditions and Restrictions of Seaspray, a Subdivision (hereinafter "the covenants"). The covenants require that residents obtain approval from the subdivision's Architectural Review Committee (ARC) before proceeding with any landscaping or improvement on their property.

The dispute arose when the Myerses planted twenty-one cypress trees within their property. Nine of the trees were planted in the common area abutting the rear lot line of both the Myerses' and McIntoshes' properties. The Myerses did not seek pre-approval from the ARC. As a result, the McIntoshes filed a complaint seeking to enforce the subdivision's covenants. In pertinent part, the complaint requested injunctive relief in the form of the removal of all the offending trees.

After a bench trial, the trial court held that the trees were planted without the approval of the ARC and that they constituted a nuisance in violation of the subdivision's covenants. The trial court also found that the Myerses removed the trees located on their property. The trial court, therefore, granted injunctive relief by enjoining the Myerses from planting any other trees on their property.

The trial court, however, declined to extend injunctive relief as to the tress located in the common area claiming that there was no testimony establishing that the Myerses planted the trees in the common areas, as well as the fact that the complaint only requested that the trees be removed from the Myerses' property and that the subdivision's homeowner's association needed to have been made a party to the complaint.

II.

Reviewing a trial court's decision to grant an injunction presents a mixed standard of review. *Nipper v. Walton Cty.*, 208 So. 3d 331, 331 (Fla. 1st DCA 2017). An injunction resting on factual findings must be reviewed for abuse of discretion. *Id.* An injunction predicated on purely legal matters, however, is reviewed *de novo*. *Id.*

2

## III.

The trial court declined to grant injunctive relief as to the trees in the common areas because it found that 1) there was no testimony that established the Myerses planted the trees in the common areas; 2) the McIntoshses' complaint simply requested relief for the trees planted on the Myerses' property; and 3) the subdivision's homeowner's association needed to be made a party to the complaint.

First, the record is clear that Bruce McIntosh testified that the trees in the common area were planted by the Myerses. Furthermore, a member of the ARC testified that the Myerses had planted the trees without approval from the board. Bruce McIntosh also testified that there were nine trees in the common area between both properties. All this testimony indicates that the offending trees in the common area were planted by the Myerses. Thus, the trial court abused its discretion by finding that no evidence was adduced connecting the Myerses to the trees in the common area.

Second, this Court has recognized that "the character of an equitable pleading is determined, not by its title, but by its contents, and by the actual issues in dispute." *Circle Fin. Co. v. Peacock*, 399 So. 2d 81, 84 (Fla 1st DCA 1981). Accordingly, "courts have the fullest liberty in molding decrees to the necessity of the action regardless of the prayer." *Id*. In any event, the complaint's "general allegations" referenced all the trees planted by the Myerses, including the ones located in the common area. Moreover, the complaint requested "such other and further relief as the Court may deem necessary or proper to grant Plaintiff's full relief in this action."

Lastly, Florida law allows homeowners to bring "[a]ctions at law or in equity" against other homeowners to "redress alleged failures or refusal" to comply with the restrictive covenants governing their homeowners' association. § 720.305(1)(b), Fla. Stat. The statute does not set forth any limitation on this right as it relates to common areas. More importantly, the covenants governing the subdivision clearly provide for individual owners to

3

seek enforcement of the covenants in law or equity.* Therefore, the trial court erred in denying injunctive relief.

## IV.

In conclusion, the McIntoshes' sought injunctive relief as it related to the trees planted by the Myerses. The trial court found the trees in violation of the subdivision's covenants, but failed to provide injunctive relief as to the trees located in the common area. The McIntoshes, however, established that the tress in the common area were planted by the Myerses and sufficiently pled for relief as to the common area. Finally, Florida law, as well as the subdivision's covenants, allow individual homeowners to enforce the covenants of their homeowners' associations. As such, the trial court erred in denying the McIntoshes full injunctive relief. We, therefore, reverse and remand so that the trial court may amend its Final Judgment consistent with this opinion.

REVERSED and REMANDED.

B.L. THOMAS, C.J., and KELSEY and WINOKUR, JJ., concur.

---

* Article III of the subdivision's covenants establish that "[t]he Association, *or any Owner* shall have the right to enforce by any proceeding by law or in equity, all restrictions, conditions, covenants, reservations, liens and charges now or hereafter imposed by the provisions of this Declaration" and that "[a]ny single violation of any provision of this Declaration by an Owner shall constitute a continuing violation which shall allow the Association or *any other Owner to seek permanent injunctive relief*." (Emphasis added).

4

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


H. Lee Strayhan, III of Clark, Partington, Hart, Larry, Bond & Stackhouse, Destin, for Appellants.

John R. Dowd, Jr. of the Dowd Law Firm, P.A., Fort Walton Beach, for Appellees.