# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-1102
_____

ERIC C. FOWLER, REBECCA L.
RIBBING, and MICHAEL BOMONT
EUBANKS,

     Appellants,

     v.

WALTER BRIAN BURNHAM and
CANDI LYNNE TUMBLESON,

     Appellees.

_____

On appeal from the Circuit Court for Washington County.
Christopher N. Patterson, Judge.


February 19, 2025

NORDBY, J.

Appellants—Eric C. Fowler, Rebecca L. Ribbing, and Michael Bomont Eubanks—make up the Board of Directors of Long Lake Estates Maintenance Association. They appeal the trial court's denial of a mandatory injunction against homeowners Walter Brian Burnham and Candi Lynne Tumbleson for violating a restrictive covenant. We reverse and remand.

# I.

The parties are landowners residing in Long Lake Estates, a development located in Washington County, Florida. The development's landowners are subject to the covenants and restrictions listed in the Declaration of Maintenance Association for Long Lake Estates. Article IV of the Declaration, titled "Protective Covenants," contains several provisions. Section 3 of that Article states, "[m]obile homes shall not be permitted." Article IV, section 17 also declares that "[t]hese Protective Provisions shall not be subject to change, amendment or modification."

In November 2020, Appellee Burnham served as an officer on the Long Lake Estates Maintenance Association Board. The Board at that time—consisting of Appellee Burnham, his father, and one other—voted to amend Article IV, section 3 of the Declaration to permit mobile homes. Soon after filing the amendment, Appellees placed a mobile home on their lot. Appellees then mortgaged their land and the mobile home with Vanderbilt Mortgage Company. After receiving opposition from other landowners, Appellee Burnham and the other board members withdrew the amendment, but Appellees did not remove the mobile home from their lot.

In June 2021, Appellants formed the new board for Long Lake Estates and commenced an action for injunctive relief against Appellees. They wanted the mobile home removed because it violated the restrictions in the Declaration. In response, Appellees denied that the structure was a mobile home. The case proceeded to a non-jury trial, at which the trial court directed the parties to submit written closing arguments. As part of their written closing, for the first time, Appellees argued that injunctive relief should be denied because Vanderbilt Mortgage was an indispensable party to the case.

In its final order, the trial court concluded that the property situated on Appellees' lot was a mobile home that violated the restrictions contained in the Declaration. Even so, the trial court denied Appellant's request for a permanent injunction to remove the mobile home because it concluded Appellants had not established irreparable harm. The trial court also determined that Vanderbilt Mortgage was an indispensable party that had not been

2

joined to the suit. Because the requested injunction would interfere with the mortgage company's rights, the trial court concluded it lacked jurisdiction to issue an injunction. The trial court thus denied Appellants' request for a mandatory injunction.

Appellants moved for re-hearing, which the trial court denied. This timely appeal followed.

II.

Appellants raise three issues: (1) whether the trial court erred by requiring Appellants to prove irreparable harm when seeking injunctive relief; (2) whether the trial court erred by considering Appellees' defense of failure to join an indispensable party; and (3) whether Vanderbilt is an indispensable party to this action.

Reviewing a trial court's decision to grant an injunction presents a mixed standard of review. *Nipper v. Walton Cnty.*, 208 So. 3d 331, 332 (Fla. 1st DCA 2017). As for factual findings, trial courts have "broad discretion in granting, denying, dissolving, or modifying injunctions, and, unless a clear abuse of discretion is demonstrated, appellate courts will not disturb the trial court's decision." *Noe v. Noe*, 217 So. 3d 196, 199 (Fla. 1st DCA 2017) (quoting *Simonik v. Patterson*, 752 So. 2d 692, 692 (Fla. 3d DCA 2000)). But if the trial court's decision whether to issue an injunction rest on legal matters, then our review is de novo. *McIntosh v. Myers*, 271 So. 3d 159, 161 (Fla. 1st DCA 2019).

Addressing the issues as they are presented to us, we first consider whether the trial court erred in concluding that in the context of an action for breach of a restrictive covenant, Appellants had to demonstrate irreparable harm before being entitled to injunctive relief. Generally, a mandatory injunction is proper "where a clear legal right is at stake, irreparable harm is threatened, and the remedy at law is inadequate." *Gulf Power Co. v. Glass*, 355 So. 2d 147, 148 (Fla. 1st DCA 1978). That said, "to enforce a restrictive covenant, one need not show that the violation thereof amounts to an irreparable injury." *Europco Mgmt. Co. of Am. v. Smith*, 572 So. 2d 963, 968 (Fla. 1st DCA 1990); *see also Stephl v. Moore,* 114 So. 455, 455 (Fla. 1927) (rejecting argument that temporary injunction to prevent violation of restrictive covenant was improperly entered for lack of irreparable injury

3

because "appropriate allegations showing the violation of or quasi violation of the covenant is sufficient"). Once a clear violation of a covenant has been established, the burden of proof is not on the plaintiff to demonstrate irreparable harm; instead, "[t]he party challenging enforcement of the covenant [ ] has the burden to prove defensive matters that preclude enforcement, such as that the enforcing authority has acted in an unreasonable or arbitrary manner." *Killearn Acres Homeowners Ass'n, Inc. v. Keever*, 595 So. 2d 1019, 1021 (Fla. 1st DCA 1992). "Florida courts have held that the rule excusing proof of irreparable harm also avoids the need for the party seeking to enforce a restrictive covenant to demonstrate the absence of an adequate remedy at law." *Chick-Fil-A, Inc. v. CFT Dev., LLC*, 652 F. Supp. 2d 1252, 1263 (M.D. Fla. 2009).

The parties stipulate that the Declaration contains a restrictive covenant that expressly prohibits the placement of mobile homes on any lot in Long Lake Estates. The trial court found that Appellees placed a mobile home on their property, violating the restrictive covenant. Yet the trial court then concluded that "the Plaintiffs have not demonstrated irreparable harm to support a permanent injunction." Because an enforcing party need not show irreparable harm before being entitled to an injunction against a party that is violating a restrictive covenant, the trial court erred.

Appellees contend that this standard applies only in the context of a temporary injunction. But this Court has applied this same standard in the context of a mandatory injunction. *Europco,* 572 So. 2d at 964. As we explained in *Europco,*

> [t]he right to enforce such a covenant does not depend upon whether the covenantee will be damaged by the breach; *the breach itself is sufficient ground for interference by injunction.* 7 Fla. Jur. 2d *Building, Zoning, and Land Controls* § 48 (1978) (emphasis added). The burden is on the party challenging enforcement of the restrictions to show in what manner the developer has illegally exceeded or abused reserved authority . . . .

572 So. 2d at 969 (emphasis in original).

4

Thus, the trial court erred in ruling that Appellants bore the burden to demonstrate irreparable harm before obtaining an injunction.

## III.

Next, we find that the trial court erred in considering the Appellees' late-raised affirmative defense of failure to join an indispensable party. This defense was waived.

Appellees contend that, because this defense was raised in closing at the bench trial, the trial court could still consider it under Florida Rule of Civil Procedure 1.140. That rule addresses "Waiver of Defenses":

> (1) A party waives all defenses and objections that the party does not present either by motion under subdivisions (b), (e), or (f) of this rule or, if the party has made no motion, in a responsive pleading except as provided in subdivision (h)(2).

> (2) The defenses of failure to state a cause of action or a legal defense or to join an indispensable party may be raised by motion for judgment on the pleadings or at the trial on the merits in addition to being raised either in a motion under subdivision (b) or in the answer or reply. The defense of lack of jurisdiction of the subject matter may be raised at any time.

Fla. R. Civ. P. 1.140(h)(1)–(2).

As Appellees see it, they raised the indispensable party defense "at the trial on the merits," so the trial court properly considered it under Rule 1.140(h)(2). But this argument glosses over that Appellees raised the defense in their written closing, after the parties had presented their cases-in-chief. The purpose of a closing argument is to summarize the evidence and arguments presented during trial and explain how the facts derived should be applied to the law. *See R.J. Reynolds Tobacco Co. v. Robinson*, 216 So. 3d 674, 681 (Fla. 1st DCA 2017) ("Attorneys should be afforded great latitude in presenting closing argument, but they must 'confine their argument to the facts and evidence presented to the

5

jury and all logical deductions from the facts and evidence.'") (quoting *Murphy v. Int'l Robotic Sys., Inc.*, 766 So. 2d 1010, 1028 (Fla. 2000)). It is not the time to raise completely new arguments or affirmative defenses for the first time. Indeed, by raising this new defense in a written closing argument, well after the close of the presentation of the case, Appellees managed to block Appellants from any opportunity to respond to or introduce evidence addressing it. Because Appellees waited too long to raise the new defense, they waived it. The trial court erred in considering the waived defense.

Because we reverse on the first and second issues, we need not address the third issue. We reverse and remand for further proceedings.

REVERSED and REMANDED.

KELSEY and M.K. THOMAS, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Stephen Syfrett of Williams & Syfrett, PLLC, Panama City, for Appellants.

Michael J. Henry of Dunlap & Shipman, P.A., Santa Rosa Beach, for Appellees.