PER CURIAM.
By petition for writ of certiorari the City of Fort Lauderdale seeks review of an order of the Circuit Court of Broward County in its appellate capacity, reversing a final order of the Code Enforcement Board of the City. The Board’s final order, dated October 22, 1985, had found that Barn-man’s property contained more living units than were allowed under the current zoning ordinance of the City. It found, further, that the number of units therein had been increased by the property owner without first obtaining the required permits. The order gave Bamman until February 22, 1986, to bring the building into compliance and levied a fine for each day after February 22, 1986, that the violation continued.
Subsequently on February 25, 1986, the Board entered a supplemental order in which it states that Bamman had requested an extension of time to comply and an abatement of the fine. The Board abated *38 the fine temporarily, providing the excess units were not used, and abated the order of compliance until there was a ruling on a pending petition for a change in land use. Bamman filed an appeal from the supplemental order of February 25, 1986, to the circuit court which reversed the Board’s final order. That judgment of the circuit court is the subject of this petition for writ of certiorari.
We are unable to reach the merits of this appellate review because the record before us reflects that Bamman did not timely appeal the final order of the Code Enforcement Board. That order was entered October 22, 1985, and became final thirty days later. The notice of appeal to the circuit court was timely filed vis-a-vis the supplemental order of the Code Enforcement Board dated February 25, 1986, but that does not bring up for review the Board’s final order of October 22, 1985, which had by then in all respects become final. The thrust of the appellate proceedings between these parties is directed toward the final order of October 22, 1985, which was beyond the jurisdictional reach of the circuit court.
Accordingly, the petition for writ of cer-tiorari is granted and the judgment of the circuit court is quashed for lack of jurisdiction.
HERSEY, C.J., and DOWNEY and LETTS, JJ., concur.