# SAWYER v CODE ENFORCEMENT BOARD CITY OF BOCA RATON, etc.

Case No. AP-89-1497 "AY"

Fifteenth Judicial Circuit, Palm Beach County

August 2, 1990

## APPEARANCES OF COUNSEL

**Harvey H. Harling, Esquire,** for petitioner.

**Christine P. Tatum, Esquire,** Assistant City Attorney, City of Boca Raton, for respondent.

Before COOK, MARTIN, WENNET, JJ.

## OPINION OF THE COURT

PER CURIAM.

Patricia Sawyer seeks certiorari to contest three orders imposing fines rendered by the Code Enforcement Board of the City of Boca Raton. We deny certiorari to the extent that Ms. Sawyer seeks to

attack the underlying code violations, but grant certiorari and reverse in part the orders imposing fines.

On August 26, 1988, Joseph Miceli, a Code Enforcement Officer for the City of Boca Raton inspected Ms. Sawyer's property and three days later issued five notices of municipal code violations. Ms. Sawyer did not correct the violations and the matter was referred to the Code Enforcement Board which scheduled a violating hearing for September 19, 1988. Ms. Sawyer responded that she would not attend the hearing but would send a letter. Following the hearing, the Code Enforcement Board issued an order of enforcement finding that all five violations were continuing and ordering that they be remedied by September 26, 1988, after which a fine of $250.00 per day would be imposed. Ms. Sawyer did not comply with at least a portion of the violation order and a hearing for the imposition of fines was held on January 16, 1989. Both Ms. Sawyer and the Code Enforcement Officer, Joseph Miceli,[1] testified at the fine hearing. Ms. Sawyer was found guilty of violating Ordinance 12-26(10), which prohibits the accumulation of solid waste on the property and was fined $15,500.00. She was also found guilty of violating Ordinance 13-5, by engaging in a business in a residential area and Ordinance 25-66.09, by engaging in a business without an occupational license. These violations were found to have occurred on September 19, 1988 and November 2, 1988 and a fine of $250.00 per day totalling $1,000.00 was imposed.

The Petition for Certiorari attacks not only the fines but also the original finding of a code violation. The original code violation was a final order from which Ms. Sawyer failed to seek timely review. Accordingly, those findings are not reviewable at this time, see *City of Ft. Lauderdale v Eamman,* 519 So.2d 37 (Fla. 4th DCA 1988).

The petition is timely to the extent that it seeks review of the fines. The first question presented is whether there was competent substantial evidence to support the Code Enforcement Board action, see *Pompano Beach Police and Fireman's Pension Fund v Franza,* 405 So.2d 446 (Fla. 4th DCA 1981).

We find that the fines imposed for operating a business at a residentially zoned address and operating a business without an occupational license are not supported by competent substantial evidence. The evidence relied upon by the City to justify the ongoing violation and the fines consists of photographs of two vehicles with out of state

[1] The record does not reflect whether or not Mr. Miceli was sworn at the time he gave his testimony. However, the City asserts in its brief that Mr. Miceli was sworn and the Petitioner does not assert an alleged lack of oath as a basis for her appeal.

licenses parked at the residence and the testimony of Mr. Miceli that he observed these vehicles at the residence on the dates in question. This evidence is totally insufficient to sustain a finding that a business was continuing to be operated at the residence or that there was a business continuing to be operated without an occupational license. Accordingly, the fines in the amount of $1,000.00 for both of these violations must be reversed.

With respect to the $15,500.00 fine imposed for violation of Ordinance 12-26(10), prohibiting the accumulation of solid waste on the property, we find that the evidence was sufficient to support the Board's finding that the solid waste accumulation continued from September 19, 1988 through December 28, 1988. The City presented photographs of the truck tires and aluminum runners taken in June and September of 1988 prior to the violation order. The City also produced a photograph taken on December 7, 1988, showing these same items in exactly the same condition at exactly the same location. Additionally, Mr. Miceli testified that he had observed these items at the site of the residence on a daily basis from September 19, 1988 through December 28, 1988, when they were finally removed. This is clearly substantial and competent evidence to support the finding of a sixty-two day violation.

The second question presented is whether or not the fine imposed was reasonable. As noted previously, the City imposed a fine of $250.00 per day for this violation, totalling $15,500.00. In determining the amount of a fine to be imposed for a municipal code violation, the enforcement board must consider three factors:

(1) the gravity of the violation;

(2) any activities taken by the violator to correct the violation; and

(3) any previous violations committed by the violator.

Section 162.09(2), Florida Statutes.

The items in question, while apparently observable from the street, were stored in a side yard with hedges in the rear and on the side facing the adjoining property. The waste was not toxic, presented no health hazard and consisted of approximately eight tires and a stack of aluminum runners. Thus, the gravity of the violation was not great.

Ms. Sawyer removed the tires and runners from the property prior to the hearing on January 19, 1989, although she did allow the violation to continue for the sixty-two days cited in the order.

There was no evidence presented to the effect that Ms. Sawyer had any prior history of code violations.

72

Under these circumstances, we find that the fine is clearly excessive and requires reversal. Since there was evidence of a code violation, we remand the case to the Code Enforcement Board for the imposition of a reasonable fine considering the factors set out above.

Affirmed in part, reversed in part and remanded for further hearing consistent with this opinion.

COOK, MARTIN and WENNET, JJ., concur.