PER CURIAM.
The City of Plantation, Florida, seeks certiorari review of an October 19, 1990 order of the circuit court, sitting in its appellate capacity, which set aside a final administrative order of the Plantation Code Enforcement Board. We grant the petition for writ of certiorari and quash the order of the circuit court.
On March 29, 1988, the Plantation Code Enforcement Board entered an order finding respondents in violation of the code of ordinances. The order required respondents to be in compliance within three days, and subjected respondents to a fine for each day of noncompliance thereafter. Respondents did not appeal this final administrative order. See section 162.11, Fla.Stat. On May 3, 1988, the Board entered a supplemental order/claim of lien which confirmed and ratified the fine assessed in the *394 earlier order and imposed a lien for the fine. Respondents appealed this supplemental order/claim of lien to the Broward County Circuit Court. In an order entered October 19, 1990, the circuit court set aside the final order of the code enforcement board and ordered that a new hearing be held.
Matters determined in an order which has become final without appeal are not later subject to appellate review simply because a later order affected those matters or applied them to other interlocutory matters under consideration. State ex rel. Sarasota County v. Boyer, 360 So.2d 388 (Fla.1978). The result and effect of the order of the Broward circuit court was to set aside the March 29, 1988 final order of violation and noncompliance of the Plantation Code Enforcement Board, as well as the May 3, 1988 supplemental order/claim of lien. Because no appeal had been taken from the March 29, 1988 final order, we find that the circuit court lacked jurisdiction to set aside the March 29, 1988 final order. Proceedings on remand should be limited to a review of the May 3,1988 order and the May 2, 1988 hearing upon which it is based.
Certiorari is granted, the order of the circuit court is quashed, and the cause remanded for further proceedings consistent with this opinion.
DOWNEY, ANSTEAD and GARRETT, JJ., concur.