790 So.2d 1214 (2001)
Rickey L. KIRBY, Appellant,
v.
CITY OF ARCHER, Florida and First Union, etc., Appellees.
No. 1D00-2952.
District Court of Appeal of Florida, First District.
August 6, 2001.
Milton H. Baxley, II, Gainesville, for Appellant.
Allan H. Kaye, Gainesville, for Appellee City of Archer, Florida.
Bertram A. Sapurstein, Miami, for Appellee First Union.
PER CURIAM.
Rickey L. Kirby appeals a summary final judgment of foreclosure authorizing *1215 the sale of real property owned by him to satisfy a lien in favor of appellee, City of Archer, created pursuant to section 162.09(3), Florida Statutes (1997). For the reasons that follow, we affirm.
The City's lien arose from fines imposed pursuant to sections 162.06-162.11, Florida Statutes (1997), by the City's Code Enforcement Board. The fines levied against Kirby were based upon the Board's findings, following a hearing, that Kirby had violated section 10-21 of the Code of Ordinances of the City which prohibited the maintaining of "any abandoned vehicle partially dismantled, nonoperating, wrecked or junked vehicle or vehicle in a state of substantial disrepair" on any real property within the City. Kirby did not appeal the final order of the Code Enforcement Board which levied the fine and led to the filing of the lien under section 162.09(3).
In the foreclosure action below, Kirby filed an affidavit in opposition to the motion for summary judgment in which he stated that "all motor vehicles on [his] property were fully operable, and were capable of being started and driven." On appeal, Kirby argues that the trial court erred in granting summary judgment in the foreclosure action because, based on his affidavit, disputed issues of fact existed as to the findings of the Board. He also contends that section 10-21 of the City's Code of Ordinances was unconstitutionally applied against him.
Kirby makes his arguments too late. If he contested the facts raised by the Code Enforcement Board, he was obligated to present his evidence to the Board at that time. If he then disputed the final order of the Board, his remedy was to file an appeal in the circuit court pursuant to section 162.11, Florida Statutes (1997). Having failed to challenge the Board's action, Kirby cannot raise factual disputes with the Board's findings in the foreclosure action. "Matters determined in an order which has become final without appeal are not later subject to appellate review...." City of Plantation v. Vermut, 583 So.2d 393, 394 (Fla. 4th DCA 1991).
Further, Kirby's as applied constitutional challenge may not be raised for the first time in the foreclosure action. "[C]onstitutional claims ... are properly cognizable on an appeal to the circuit court from a final order of an enforcement board taken pursuant to section 162.11, Florida Statutes...." Holiday Isle Resort & Marina Assoc. v. Monroe County, 582 So.2d 721-722 (Fla. 3d DCA 1991); see also Sanford v. Rubin, 237 So.2d 134, 137 (Fla.1970)("Constitutional issues, other than those constituting fundamental error, are waived unless timely raised.").
Accordingly, the order on appeal is affirmed.
ALLEN, C.J., VAN NORTWICK and BROWNING, JJ., concur.