ROTHENBERG, J.
On September 3, 1999, Michele G. Hardin (“Hardin”) appealed the following three orders entered by Monroe County Code Enforcement Special Master J. Jefferson Overby (“Special Master”) on August 16, 1999: (1) Order Denying Motion for Rehearing; (2) Order Denying Motion *709 for Stay of Fines; and (3) Order Imposing Penalty/Lien. More than ten years later, On March 19, 2010, the Appellate Division of the Monroe Circuit Court (“Circuit Court”) issued its opinion. The Circuit Court “denied” Hardin’s claim as to the Order Denying Motion for Rehearing, finding that the Motion for Rehearing was not timely filed, and “affirmed” the Order Denying Motion for Stay of Fines and Order Imposing Penalty/Lien, finding that the Circuit Court lacked jurisdiction to review these orders because they were “grounded in the original order of April 16, 1999, which was not properly appealed. ...” Hardin now petitions this Court for second-tier certiorari review, seeking to quash the Circuit Court’s March 19, 2010 opinion. We grant the petition, quash portions of the Circuit Court’s opinion, and remand for further proceedings consistent with this opinion.
Background information is necessary to explain why this code enforcement action took more than ten years to work its way through the system, during which time a daily fine of $20 continued to accumulate.[1] In 1988, Hardin purchased her home (“Property”) from a builder who assured her that the Property, including its lower level enclosure, was fully permitted. Ten years later, in July 1998, the Monroe County Code Enforcement Department (“Department”) issued a Notice of Violation, asserting code violations, including that a habitable space was built below base flood elevation. In late February 1999, an administrative hearing was conducted before the Special Master. At the hearing, a Monroe County Code Enforcement Officer (“Officer”) testified that in June 1998, a woman, who signed an affidavit averring that she was an occupant, opened the door using a key and allowed him to enter the Property. Thereafter, based on the Officer’s investigation, the Department issued a Notice of Violation in July 1998. During the hearing, Hardin’s counsel objected to the Officer’s testimony and the introduction of the photographs and report, arguing that the woman who contacted the Department and provided the officer with access to the Property, did not live on the Property or have the authority to allow the Officer to enter the Property. At the end of the hearing, the Special Master stated that he was ruling in favor of Monroe County, finding that Hardin was maintaining “what is commonly known as a downstairs livable unit, which is contrary to the FEMA Code and Monroe County Code.” The Special Master also stated that if the Property is not in compliance by April 15, 1999, a daily fine of $20 would begin to run.
On April 16, 1999, the Special Master entered a written violation order, finding code violations, and stating that a daily fine of $20 may be imposed if the violations were not corrected by April 15,1999 (“Violation Order”).[2] The Violation Order also notified Hardin that she had the right to appeal the order to the Circuit Court within thirty days.[3]
As the Circuit Court correctly noted in its opinion, Hardin did not timely appeal the Violation Order which was entered on April 16, 1999. See § 162.11, Fla. Stat. (1999) (“Appeals. — An aggrieved party, including the local governing body, may appeal a final administrative order of an en *710 forcement board to the circuit court. Such an appeal shall not be a hearing de novo but shall be limited to appellate review of the record created before the enforcement board. An appeal shall be filed within 30 days of the execution of the order to be appealed.”); City of Plantation v. Vermut, 583 So.2d 393, 394 (Fla. 4th DCA 1991) (“The result and effect of the order of the Broward circuit court was to set aside the March 29, 1988 final order of violation and noncompliance of the Plantation Code Enforcement Board, as well as the May 3, 1988 supplemental order/claim of lien. Because no appeal had been taken from the March 29, 1988 final order, we find that the circuit court lacked jurisdiction to set aside the March 29, 1988 final order. Proceedings on remand should be limited to a review of the May 3, 1988 order and the May 2, 1988 hearing upon which it is based.”); City of Fort Lauderdale v. Bamman, 519 So.2d 37, 38 (Fla. 4th DCA 1987) (“Bamman did not timely appeal the final order of the Code Enforcement Board. That order was entered October 22, 1985, and became final thirty days later. The notice of appeal to the circuit court was timely filed vis-a-vis the supplemental order of the Code Enforcement Board dated February 25, 1986, but that does not bring up for review the Board’s final order of October 22, 1985, which had by then in all respects become final.”); see also Kirby v. City of Archer, 790 So.2d 1214 (Fla. 1st DCA 2001). Therefore, as the Violation Order was not timely appealed, the Circuit Court did not and does not have jurisdiction to review the Violation Order.
On June 28,1999, Hardin, who was without counsel, filed a Motion for Rehearing, requesting a rehearing of the Violation Order. Hardin also filed a motion requesting a stay of the daily fine. On August 16, 1999, the Special Master entered the three orders appealed to the Circuit Court — “Order Denying Motion for Rehearing”; “Order Denying Motion for Stay of Fines”; and “Order Imposing Penalty/Lien.” Thereafter, on September 3, 1999, Hardin filed a Notice of Appeal, and subsequently filed her initial brief and a supplemental brief raising numerous issues.
Five years after Hardin filed her Notice of Appeal, on September 27, 2004, an order was entered dismissing her appeal based on a finding that it was untimely filed. Hardin filed a “Motion for Rehearing of Order Granting Motion to Dismiss Appeal,” and on November 5, 2004, Judge Richard G. Payne entered an order setting aside and vacating the dismissal order, and finding that Hardin’s appeal was timely filed. Monroe County then filed its answer brief on May 1, 2007, and Hardin filed her reply brief in October 2007.
More than ten years after Hardin filed her appeal, five years after Judge Payne issued his order finding Hardin’s appeal was timely filed, and almost three years after Monroe County filed its answer brief, another judge of the Circuit Court, Judge David J. Audlin, Jr., issued an opinion on March 19, 2010, finding that the Motion for Rehearing was untimely as it was filed more than thirty days after the Special Master entered the April 16, 1999 Violation Order; the Motion for Rehearing did not toll the time period for appealing the Special Master’s Violation order dated April 16, 1999; and the Circuit Court lacked jurisdiction to review the Order Denying Motion for Stay of Fines and the Order Imposing Penalty/Liens because these orders were grounded in the April 16, 1999 order, “which was not properly appealed.” Nothing but the passage of time facilitated this outcome. This petition for second-tier certiorari review followed.
*711 On second-tier certiorari review, the district court’s “ ‘inquiry is limited to whether the circuit court afforded procedural due process and whether the circuit court applied the correct law,’ or, as otherwise stated, departed from the essential requirements of law.” Custer Med. Ctr. v. United Auto. Ins. Co., 62 So.3d 1086 (Fla.2010) (quoting Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995)). Further,
[t]he departure from the essential requirements of the law necessary for granting a writ of certiorari is something more than a simple legal error. Rather, a district court should exercise its discretion to grant review only when the lower tribunal has violated a clearly established principle of law resulting in a miscarriage of justice.
Custer Med. Ctr., 62 So.3d at 1092 (citations omitted).
Here, we conclude that the Circuit Court, sitting in its appellate capacity, did not depart from the essential requirements of law by concluding that Hardin did not file her Motion for Rehearing on a timely basis as it was filed more than thirty days after the Special Master entered the April 16, 1999 Violation Order. Thus, we do not quash the portion of the Circuit Court’s opinion pertaining to the Order Denying Motion for Rehearing.
However, as to the Order Denying Motion for Stay and Order Imposing Penalty/Lien, we conclude otherwise. Despite an earlier finding by a judge of the Circuit Court that Hardin’s appeal was timely filed, a subsequent judge of the Circuit Court entered an opinion six years later finding that the Circuit Court lacked jurisdiction because Hardin’s appeal was untimely filed. Additionally, despite finding that the court lacked jurisdiction to hear Hardin’s appeal, the Circuit Court inexplicably “affirmed” the Order Denying Motion for Stay of Fines and Order Imposing Penalty/Lien. We conclude that these rulings by the Circuit Court are a departure from the essential requirements of law resulting in a miscarriage of justice.
We begin with the Circuit Court’s order finding Hardin’s appeal untimely. The Special Master entered these two orders on August 16, 1999, and Hardin filed her Notice of Appeal on September 3, 1999. Thus, there is no doubt that Hardin timely appealed these two orders. Although Hardin clearly failed to timely appeal the Violation Order entered on April 16, 1999, her failure to do so does not bar her from appealing the subsequently entered enforcement orders. See City of Plantation v. Vermut, 583 So.2d 393, 394 (Fla. 4th DCA 1991) (finding that although the violation order issued by the code enforcement board was not timely filed, the circuit court had jurisdiction to review the supplemental order/claim of lien, and remanding with instructions to limit review to supplemental order/claim of lien).
The Circuit Court also departed from the essential requirements of law when it affirmed the orders under review after it concluded that it lacked jurisdiction over the appeal See Miami-Dade County v. Peart, 843 So.2d 363 (Fla. 3d DCA 2003) (holding that Florida courts should dismiss an appellate proceeding if it was not initiated within the applicable time period).
Accordingly, we grant the petition for writ of certiorari, quash the portion of the Circuit Court’s opinion relating to the Order Denying Motion for Stay of Fines and Order Imposing Penalty/Lien. Further, in light of the unique circumstances of this case, including the tortured history of this case, and the ten years the appellate case unnecessarily lingered in the Circuit Court, we grant the Motion for Stay of *712 Fines nunc pro tunc to August 16, 1999, and we remand with instructions for the Circuit Court, upon review, to properly review Hardin’s appeal of the Order Imposing Penalty/Lien.
Petition granted; opinion quashed in part; remanded with directions.

. At a daily rate of $20, the fines now exceed $85,000.

. The record reflects that the written order was entered after the initial compliance date. However, the compliance date was later extended to May 20, 1999, which was also tardily memorialized in a written order dated August 16, 1999.

. The thirty-day time period expired on May 17, 1999.