# Third District Court of Appeal

### State of Florida

Opinion filed September 20, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-145
Lower Tribunal No. 20-11-K
_____

**Monroe County, Florida, etc.,**
Petitioner,

vs.

**Robert S. Jabour, etc., et al.,**
Respondents.

On Petition for Writ of Certiorari from the Circuit Court for Monroe County, Appellate Division, James M. Barton, II, Senior Judge.

Derek V. Howard, Assistant County Attorney, for petitioner.

Locke Lord LLP, and Michael P. De Simone (West Palm Beach), for respondents.

Before LOGUE, C.J., and FERNANDEZ and LINDSEY, JJ.

PER CURIAM.

Monroe County, Florida (the "County") petitions this Court for second-tier certiorari review of an opinion rendered by the circuit court, acting in its appellate capacity. The circuit court reversed the Monroe County Code Enforcement Special Magistrate's ("Special Magistrate") orders, which concluded that Robert S. Jabour, as trustee of the Robert S. Jabour Revocable Trust Dated January 4, 2007 ("Respondent"), violated county code. For the reasons discussed herein, we deny the Petition.

Following the parties' submissions and oral argument, the Special Magistrate issued a Partial Summary Final Order (the "PSFO"), determining that Monroe County's Land Development Code ("LDC") section 130-88 is not preempted by section 509.032(7)(b), Florida Statutes (2022), and that the County is not prohibited, nor equitably estopped, from enforcing the section's prohibition on the vacation rental use of attached dwellings in the Mixed-Use district. Individual evidentiary hearings were then held, and the Special Magistrate entered two orders,[1] finding Respondent in violation of LDC section 134-1.(k)(1) and subject to a fine. The orders advised that Respondent could appeal within thirty (30) days. Thereafter, Respondent filed a timely Notice of Appeal with the circuit court. The circuit court reversed

---

[1] Each order deals with a separate property owned by Respondent.

1

the final orders, "based on the plain meaning of the applicable Code sections" and remanded with directions to allow Respondent to apply for either a special vacation rental permit or a waiver of the permit requirement. A later motion for rehearing was denied; thereafter, the instant petition followed.

On second-tier certiorari review, our "'inquiry is limited to whether the circuit court afforded procedural due process and whether the circuit court applied the correct law,' or as otherwise stated, departed from the essential requirements of the law." Custer Med. Ctr. v. United Auto. Ins. Co., 62 So. 3d 1086, 1092 (Fla. 2010) (quoting Haines City Cmty. Dev. v. Heggs, 658 So. 2d 523, 530 (Fla. 1995)). In considering such review, the concern should be on the seriousness of the error. Combs v. State, 436 So. 2d 93, 95 (Fla. 1983). "[C]ertiorari cannot be used to grant a second appeal to correct the existence of mere legal error." Custer, 62 So. 3d at 1093. Here, procedural due process is not at issue, so we must determine only whether the circuit court applied the correct law.

Under section 162.11, Florida Statutes (2022), "[a]n aggrieved party . . . may appeal a **final** administrative order of an enforcement board [or a special magistrate] to the circuit court." (emphasis added). Subject matter jurisdiction "arises solely by virtue of law . . . and cannot be created by waiver,

2

acquiescence, or agreement of the parties." <u>State, Dep't. of Health & Rehab. Servs. v. Schreiber</u>, 561 So. 2d 1236, 1240 (Fla. 4th DCA 1990). We find that the PSFO, which made no determination on whether a code violation had occurred, is not a final administrative order required to be appealed within thirty days. <u>See</u> <u>City of Fort Lauderdale v. Bamman</u>, 519 So. 2d 37, 38 (Fla. 4th DCA 1987) (determining an order, which found respondents were in violation and set a compliance deadline and non-compliance fine, was final); <u>Hardin v. Monroe Cnty.</u>, 64 So. 3d 707, 709-10 (Fla. 3d DCA 2011) (holding an order which determined there were code violations, set a compliance deadline, and a possible $20 fine for noncompliance, was not timely appealed). Respondent properly appealed the later two final orders.

In its Petition, the County argues that the circuit court departed from the essential requirements of law by failing to accord deference to the Planning Director's interpretation of LDC section 130-88 and related LDC provisions and reversing that interpretation. We find no such departure from the essential requirements of the law in the circuit court's decision. Deference to an agency's interpretation is not required where statutory language is plain and unambiguous. <u>See</u> <u>Dimitri v. Com. Ctr. of Miami Master Ass'n.</u>, 253 So. 3d 715, 721 (Fla. 3d DCA 2018). In the instant case, the

3

language of the applicable sections is clear and unambiguous, as stated by the County, Respondent, the circuit court, and the Special Magistrate.

The County next argues that the circuit court departed from the essential requirements of law by violating multiple principles of clearly established law while interpreting LDC section 130-88. In interpreting a statute, "[w]here possible, courts must give full effect to all statutory provisions and construe related statutory provisions in harmony with one another." Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So. 2d 452, 455 (Fla. 1992). In conducting such statutory interpretation, "courts should avoid readings that would render part of a statute meaningless." Id. at 456. The "statutory purpose, while undoubtedly relevant to legal interpretation, cannot trump the clear requirements of the applicable text." Krol v. FCA US, LLC, 310 So. 3d 1270, 1274 (Fla. 2021). Here, the circuit court's opinion evidences its attempt to give full effect to the relevant sections and to construe the statutory provisions in harmony with one another. Ultimately, the circuit court reversed the challenged orders "based on the plain meaning of the applicable code sections."[2]

---

[2] While the County correctly argues that the circuit court misapprehended Rinker Materials Corporation v. City of North Miami, 286 So. 2d 552, 553 (Fla. 1973), in not clarifying that interpretation in favor of the property owner is only allowed when there is "no definition or clear intent," the circuit court

4

While the County argues the circuit court went beyond its scope of review, by reweighing evidence and making new findings, we find no departure from the requirements of law. "Reweighing of the evidence is simply not apparent . . . [when] the circuit court's analysis focused with precision on the specific words in the Code and their definitions, only mentioning . . . testimony to summarize arguments before making its own decision utilizing statutory interpretation." Town of Longboat Key v. Islandside Prop. Owners Coal., LLC, 95 So. 3d 1037, 1040 (Fla. 2d DCA 2012).

Accordingly, given the high standard for second-tier certiorari review, we deny the County's petition.

Petition denied.

---

did not "rewrite" the applicable sections as the County claims. The circuit court merely looked to the plain and obvious meaning of the subject code.