[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11877

_____

INNOVA INVESTMENT GROUP, LLC,

                                             Plaintiff-Appellant,

*versus*

VILLAGE OF KEY BISCAYNE,

                                             Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:19-cv-22540-DPG

_____

Before BRANCH and LUCK, Circuit Judges, and ANTOON,[*] District Judge.

LUCK, Circuit Judge:

Innova Investment Group, LLC, sued the Village of Key Biscayne after the village fined it for municipal code violations. The company's complaint sought, among other relief, a declaration that the fine was unconstitutionally excessive under federal and Florida law. The district court dismissed the declaratory relief claim with prejudice for two reasons: first, because it was time-barred, and second, because Innova failed to exhaust an excessive fine challenge in state court. We affirm the dismissal.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Innova owns residential property throughout Miami-Dade County, including a Key Biscayne condo it bought in 2011.[1] The village cited Innova for "not obtaining proper permits for an interior demolition [at the condo] and remodeling" it. The citation required that Innova pay a $4,000 civil penalty and correct the violations by October 10, 2011.

---

[*] The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

[1] The facts come from Innova's third amended complaint—operative for this appeal—and are accepted as true. *See Echols v. Lawton*, 913 F.3d 1313, 1319 (11th Cir. 2019).

Innova appealed the citation to the village's Code Enforcement Board of Special Magistrates. On January 18, 2012, the board affirmed the citation. Innova, the board ordered, had to pay the $4,000 fine (plus $250 in administrative costs) within thirty days and to "apply[] for, obtain[,] and pass[] final inspection on all required after-the-fact building permits within [sixty] days." The board warned Innova that: (1) if Innova didn't meet the sixty-day correction deadline, the village would assess "continuing civil penalties of $4,000 per day"; (2) the board's order could be recorded as a lien against any of Innova's real property; and (3) a lien would accrue interest at the maximum legal rate. The board also advised that its order could be appealed to Miami-Dade County's circuit court within thirty days. *See* Key Biscayne, Fla., Code of Ordinances § 2-44(a); Fla. Stat. § 162.11.

The village recorded the order a week later on January 25, making it a lien on Innova's property under Florida Statutes section 162.09(3). Innova never appealed the order to the circuit court. And Innova did not cure its violations until November 5, 2012—231 days past the board's sixty-day deadline. So the board assessed aggregate penalties of $924,000, and it has claimed more than $1.2 million in interest for each day the penalties have gone unpaid.

On November 14, 2018—more than six years after the board's order and Innova's curing of the code violations—Innova sued the village in state court. After Innova amended its complaint on May 28, 2019 to allege federal claims, the village removed the case to federal court.

Innova's operative complaint had four counts.  The first three were section 1983 counts:  count one was an Eighth Amendment excessive fine claim, count two was a First Amendment retaliation claim, and count three was a Fifth Amendment takings claim.

Count four—the count most relevant to this appeal—sought declaratory relief under Florida Statutes chapter 86.[2]  It alleged that "[t]he amounts . . . claimed due by [the v]illage under its claim of lien [we]re grossly excessive and unlawful" under the Eighth Amendment and Article I, section 17 of the Florida Constitution. *See* Fla. Const. Art. I, § 17 (forbidding "[e]xcessive fines," among other punishments).  It also alleged that section 162.09—which authorizes municipal civil fines—violated the federal Due Process Clause's substantive component as-applied because it caused "the loss of all of Innova's equity in its property based on an excessive lien."  As relief, count four requested a declaration that "the [v]illage's lien [was] excessive, unlawful, unenforceable[,] and unconstitutional" under the federal and state constitutions or, alternatively, that section 162.09 was unconstitutional "for its failure to safeguard against excessive fines."

The village moved to dismiss the complaint for failure to state a claim.  After a hearing, the district court granted the motion.

---

[2] Because seeking declaratory relief under chapter 86 is a procedural mechanism, the district court construed count four as arising under the Declaratory Judgment Act, 28 U.S.C. § 2201.  Innova doesn't argue that was error.

The district court dismissed count four with prejudice for two reasons.  First, the district court explained, a declaratory judgment action must be brought within the statute of limitations that applies to the underlying substantive claim.  And count four was substantively a section 1983 excessive fine claim, making it time-barred by Florida's four-year personal injury statute of limitations.  *See* Fla. Stat. § 95.11(3); *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) ("Florida's four-year statute of limitations applies to such claims of deprivation of rights under 42 U.S.C. §§ 1983 and 1985.").  The claim, the district court reasoned, was untimely considering any potential date the statute of limitations could've begun to run:  January 18, 2012, when the board affirmed the citation; February 18, 2012, Innova's deadline to appeal that order; March 18, 2012, Innova's deadline to cure the violations; or November 5, 2012, when Innova actually cured the violations.

Second, the district court explained that Florida law required Innova to exhaust count four's excessive fine claim by appealing the board's order to the circuit court, but Innova failed to do so. Thus, the district court concluded, count four was an improper "collateral attack" on the board's order.

The district court separately dismissed the section 1983 counts.  It dismissed count one's Eighth Amendment claim and count three's Fifth Amendment claim with prejudice on the same grounds as count four.  Lastly, the district court dismissed count two's First Amendment claim as conclusory but with leave to amend.  After Innova amended, the district court dismissed the

First Amendment claim again and closed the case. Innova appealed.

## STANDARD OF REVIEW

We review de novo a district court's dismissal for failure to state a claim. *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010).

## DISCUSSION

Innova raises one issue on appeal: whether the district court erred by dismissing count four with prejudice. Count four was, at bottom, an as-applied excessive fine claim arising under both federal and Florida law. *See Wallace v. Norman Indus., Inc.*, 467 F.2d 824, 827 (5th Cir. 1972) (explaining that, to characterize a declaratory judgment action, we look to "the basic nature of the issues involved"). It expressly invoked the Eighth Amendment and Florida Constitution's prohibitions on excessive fines, adding that section 162.09 denied Innova due process by authorizing the village's "*excessive lien.*"[3] And count four sought a declaration that "the [*v*]*illage's lien* [*was*] *excessive*, unlawful, unenforceable[,] and unconstitutional" under the federal and state constitutions or,

---

[3] When addressing the federal part of count four on appeal, Innova only discusses the count's Eighth Amendment allegations; it makes no mention of the due process allegations. Because count four based the due process allegations on an "excessive lien," we view all of count four's federal-law allegations as an "excessive fine claim."

alternatively, that section 162.09 is unconstitutional as-applied "for its failure to safeguard *against excessive fines.*"[4]

With count four's hybrid nature in mind—it's both a federal and state-law excessive fine claim—we conclude that the district court didn't err by dismissing the count with prejudice.

*Count four's federal excessive fine claim*

To the extent count four sought a declaration that the village's fine and section 162.09 violated the federal Constitution, it was time-barred. A "[r]ule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *Boyd v. Warden, Holman Corr. Facility*, 856 F.3d 853, 872 (11th Cir. 2017) (citation omitted). "[A]n action for declaratory relief will be barred to the same extent the applicable statute of limitations bars the concurrent legal remedy." *Algrant v. Evergreen Valley Nurseries Ltd. P'ship*, 126 F.3d 178, 181 (3d Cir. 1997) (noting that the First, Second, Sixth, Ninth, and Tenth Circuits have concluded similarly); *accord Gilbert v. City of Cambridge*, 932 F.2d 51, 57–58 (1st Cir. 1991) ("To prevent

---

[4] On appeal, Innova contends that count four is not just an excessive fine claim; it says count four also alleged the board acted ultra vires by imposing penalties that exceeded section 162.09(2)(a)'s daily maximums. We can discern no such claim in count four. Aside from a few vague uses of the word "unlawful," count four spoke purely in constitutional terms—it invokes the Eighth Amendment, the Eighth Amendment's Florida counterpart, and the Due Process Clause. To be sure, *count one* alleged the board exceeded its authority under section 162.09. But count four didn't incorporate that allegation.

plaintiffs from making a mockery of the statute of limitations by . . . creative labelling—styling an action as one for declaratory relief rather than for damages—courts must necessarily focus upon the substance of an asserted claim as opposed to its form.").

The concurrent legal remedy for count four's federal excessive fine claim—a section 1983 damages action—is subject to Florida's four-year statute of limitations for personal injury claims. *See Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003); Fla. Stat. § 95.11(3). That four-year period begins to run when the facts necessary to support the cause of action are "apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003) (quoting *Rozar v. Mullis*, 85 F.3d 556, 561–62 (11th Cir. 1996)).

It is apparent from the face of Innova's complaint that count four's federal excessive fine claim is untimely under section 95.11(3). The facts necessary to support that claim were apparent, or at least reasonably should've been, by November 5, 2012, at the latest. That's when Innova should have known how much money it would owe the village—it corrected the code violations, the $4,000 daily penalties stopped accruing, and it could have calculated the aggregate amount based on the 231 days its condo was non-compliant. Plus, the board had already recorded its order as a lien on Innova's property and warned the lien would accrue interest at the maximum legal rate. Innova, however, filed its first state-court complaint more than six years later in 2018. It waited six months longer to add excessive fine allegations under federal law.

Innova argues count four's federal claim isn't time-barred under section 95.11(3) because it only sought "defensive" relief against the "ongoing threat" that the village will foreclose on the lien. It points out that the village can do so until 2032 under Florida's twenty-year statute of limitations for lien foreclosure actions. *See* Fla. Stat. §§ 162.09(3), 162.10.

The problem is that although Innova casts count four as defensive on appeal, the complaint casts count four as purely offensive—it seeks affirmative relief declaring that a fine was excessive or, alternatively, that section 162.09 was unconstitutional as-applied for authorizing an excessive fine. That request is materially different than one seeking a prospective "non-liability" declaration like the plaintiffs in the cases Innova cites. *See, e.g.*, *Luckenbach S.S. Co. v. United States*, 312 F.2d 545, 547–49 (2d Cir. 1963) ("In the present case th[e] basic subject matter [of the declaratory judgment action] is a defense . . . ."); *Silverman v. Eastrich Multiple Inv. Fund, L.P.*, 51 F.3d 28, 29 (3d Cir. 1995) ("Plaintiff alleges that she was required to guaranty a loan for the benefit of her spouse in violation of [a statute]. Assuming, without deciding, that plaintiff's right to initiate an action for damages . . . is barred by the statute of limitations, no such bar exists to asserting . . . a defense to efforts to collect on said guaranty.").

Because the complaint casts count four as offensive instead of defensive, section 95.11(3)'s four-year period applied to the count's federal excessive fine claim. And because Innova waited

more than four years to bring that claim, the district court correctly dismissed it as untimely.

*Count four's state-law excessive fine claim*

To the extent count four sought a declaration that the village's fine and section 162.09 violated the Florida Constitution, Innova waived that claim by failing to exhaust it. When faced with a state-law claim, the *Erie* doctrine[5] requires that we apply state law concerning exhaustion. *See Fox v. Ritz-Carlton Hotel Co.*, 977 F.3d 1039, 1050 (11th Cir. 2020); *Woods v. Holy Cross Hosp.*, 591 F.2d 1164, 1168–70 (5th Cir. 1979). Florida law requires exhaustion of as-applied constitutional challenges to municipal code enforcement orders; absent exhaustion, they're waived. *See Kirby v. City of Archer*, 790 So. 2d 1214, 1215 (Fla. Dist. Ct. App. 2001) (holding that the plaintiff could not raise an as-applied challenge for the first time in a city's action to foreclose on a lien created by an unappealed fine order).

Here, Florida law allowed Innova to raise its state-law excessive fine claim by appealing the board's fine to the Miami-Dade County circuit court within thirty days. *See* Key Biscayne, Fla., Code of Ordinances § 2-44(a); Fla. Stat. § 162.11. Indeed, the board's order expressly informed Innova of that opportunity. Yet Innova admittedly never appealed the fine or its amount to the circuit court. It instead challenged the fine amount as excessive, and

---

[5] *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

section 162.09 as unconstitutionally applied, for the first time in this lawsuit. That's fatal to count four's state-law allegations. *See Kirby*, 790 So. 2d at 1215; *accord DJB Rentals, LLC v. City of Largo*, 373 So. 3d 405, 413–14 (Fla. Dist. Ct. App. 2023) (concluding the plaintiff "waived any arguments regarding the amount of [a city's] fine by failing to appeal" that fine to the circuit court); *Ricketts v. Vill. of Mia. Shores*, 232 So. 3d 1095, 1097–98 (Fla. Dist. Ct. App. 2017) (concluding the plaintiffs' "attempt to present an 'as-applied' constitutional challenge to [a] statute, as opposed to a 'facial' constitutional challenge, [wa]s barred" after they voluntarily dismissed their circuit court appeal of a village's code enforcement order).

Innova resists our conclusion for three reasons. First, Innova contends "certain constitutional issues, including specifically [a] constitutional excessive fine claim," can be raised notwithstanding a failure to exhaust. That so-called excessive fine exception, Innova argues, was established in *Wilson v. County of Orange*, where the Fifth District Court of Appeal reversed the dismissal of an excessive fine claim based on the plaintiffs' failure to file a circuit court appeal. 881 So. 2d 625, 627, 631 (Fla. Dist. Ct. App. 2004). But Innova reads *Wilson* too broadly. *Wilson* addressed a *facial* excessive fine challenge to section 162.09. *See id.* at 628, 631. *As-applied* excessive fine challenges like Innova's are not carved out of Florida's waiver rule. *See DJB Rentals*, 373 So. 3d at 413–14 (concluding the plaintiff waived its as-applied excessive fine challenge to a city's fine by "fail[ing] to appeal" to the circuit court, distinguishing *Wilson* because it involved a facial challenge that "cannot be raised in an administrative proceeding").

Second, Innova contends it couldn't have been expected to appeal the village's fine as excessive because it did not know the ultimate amount "at the inception." But Innova is mistaken again; "[a]ll the information about the workings of the [village]'s purportedly unconstitutional fining regime with which [Innova] takes issue . . . was available in the order imposing the fine." *See id.* at 414. The order unambiguously warned Innova to correct the condo's code violations or pay "continuing civil penalties of $4000 per day." *Compare id.* at 407–08, 414 (considering an order that warned the violator to correct code violations by a deadline "or face a fine of $250 per day," although the city's ultimate claim on its lien was $590,295).

Third, Innova maintains the district court should have dismissed count four without prejudice, so it could refile in state court, or remanded to state court. That's because, in Innova's view, the district court should've declined supplemental jurisdiction over count four's state-law claim or at least engaged in a 28 U.S.C. section 1367(c) analysis. But Innova never asked the district court to decline supplemental jurisdiction over the state-law claim if the federal claims were dismissed. Because a district court's decision to retain supplemental jurisdiction "may not be raised at any time [like] a jurisdictional defect," *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–40 (2009) (citation omitted), Innova forfeited its supplemental jurisdiction argument by not raising it below, *see Rubinstein v. Yehuda*, 38 F.4th 982, 995–96 (11th Cir. 2022) (concluding that an objection to the district court's exercise of supplemental jurisdiction raised for the first time on appeal was waived); *cf. Acri*

*v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc) ("[O]nce [a district court] is satisfied that the power to resolve state law claims exists, the court is not required to make a [section] 1367(c) analysis unless asked to do so by a party.").

## CONCLUSION

The district court did not err in concluding that count four was time-barred (to the extent it was based on federal law) and unexhausted (to the extent it was based on state law). Its order of dismissal with prejudice is therefore **AFFIRMED**.